IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTEN SENKBEIL WILSON | : | CIVIL ACTION |
| v. | : | |
| CHESTER TOWNSHIP POLICE DEPARTMENT, et al | : | NO. 04-1262 |

O'NEILL, J.                                                          OCTOBER 20, 2005

## MEMORANDUM

Plaintiff, Kristen Wilson, filed a civil rights complaint on March 23, 2004 against defendants, the Chester Township Police Department and the Office of the District Attorney of Delaware County, for alleged abuses of her constitutional rights, under 42 U.S.C. §§ 1981 and 1983, for the seizure of her motor home arising out of various drug related criminal charges brought against plaintiff. Specifically, plaintiff alleged that these criminal charges were without merit and formed a part of a conspiratorial plot by defendants to acquire her motor home for use at Philadelphia Eagles' football games. Plaintiff thereafter filed a motion for a temporary restraining order seeking to preclude defendants from pursuing a forfeiture petition in the Court of Common Pleas for Delaware County. I denied plaintiff's motion for temporary restraining order on July 13, 2004.

Plaintiff agreed to dismiss her civil rights action in return for a nolle pros of the pending criminal charges and the return of her motor home. Before me now is plaintiff's motion to repudiate the settlement agreement. In the agreement, plaintiff also specifically waived any claim for attorney's fees. Plaintiff's motion thus appears to stem from her failure to seek attorney's fees in the agreement and her decision not to pay present plaintiff's counsel for certain


legal services rendered. Plaintiff's counsel now argues that the settlement agreement was entered into under duress, was not supported by quid pro quo consideration, and is void because it violates public policy.

"[A] release-dismissal agreement will operate to bar a Section 1983 claim unless the interest in the agreement's enforcement is outweighed in the circumstances by a public policy harmed by the enforcement of the agreement." Livingstone v. North Belle Vernon Borough, 91 F.3d 515, 527 (3d Cir. 1996) quoting Town of Newton v. Rumery, 480 U.S. 386, 392 (1987) (internal quotations omitted). Moreover, a release-dismissal agreement will be upheld where "a particular release executed in exchange for the dismissal or criminal charges was voluntarily made, not the product of prosecutorial overreaching, and in the public interest." Id. quoting Rumery, 480 U.S. at 401 (O'Connor, J. concurring) (internal quotations omitted).

In Rumery, the Supreme Court considered four factors in determining whether a release is voluntary: "(1) the knowledge and experience of the criminal defendant; (2) whether the defendant had an attorney and whether the attorney drafted the agreement; (3) whether the defendant is in jail; and (4) whether the defendant had time to consider the agreement." Burke v. Johnson, 167 F.3d 276, 279-80 (6th Cir. 1999) citing Twp. of Newtown v. Rumery, 480 U.S. 386, 394 (1987) ("Rumery is a sophisticated businessman. He was not in jail and was represented by an experienced criminal lawyer, who drafted the agreement. Rumery considered the agreement for three days before signing it. The benefits of the agreement to Rumery are obvious: he gained immunity from criminal prosecution in consideration of abandoning a civil suit that he may well have lost."). Here, the agreement was proposed by Wilson's Pennsylvania admitted attorney, prepared by defense counsel, altered by Wilson's Pennsylvania admitted

attorney, and finally entered into by Wilson after her own review of the agreement and consultation by Wilson's Pennsylvania admitted attorney, following a colloquy by Judge Hazel of the Court of Common Pleas of Delaware County. I therefore hold that Wilson knowingly and voluntarily entered into the settlement agreement because: (1) she was sufficiently sophisticated to execute such an agreement as she is over fifty years of age with two years of college education; (2) she was not in custody when she entered into the agreement; (3) she was adequately represented by her Pennsylvania admitted attorney; and (4) she had ample time to consider the agreement as she reviewed the document at length with her Pennsylvania admitted attorney following that attorney's proposal of and later amendment to the settlement agreement. I also find the agreement to be voluntary because Wilson was fully aware of the charges against her as she had surrendered to the authorities nine months prior and had discussed the case with her Pennsylvania admitted attorney numerous times and she signed the agreement following a comprehensive colloquy by Judge Hazel. Oliver v. City of Berkley, 261 F. Supp. 2d 870, 876 (E.D. Mich. 2003) (adding factors "(5) the nature of the criminal charges; and (6) whether the agreement was formed under judicial supervision.") citing Hill v. City of Cleveland, 12 F.3d 575, 577-78 (6th Cir. 1993).

      The prosecutorial overreaching and public interest questions are to be analyzed together. Livingstone v. North Belle Vernon Borough, 91 F.3d 515, 527 (3d Cir. 1996) quoting Cain v. Darby Borough, 7 F.3d 377, 380 (3d Cir. 1993) ("[T]he concept of prosecutorial misconduct is embedded in a larger inquiry into whether enforcing the release would advance the public interest.") (internal quotations omitted). Within this inquiry, defendant must show: (a) that the facts known to the prosecutor when the agreement was reached were sufficient to support the

prosecutor's proffered public interest reason; (b) that, objectively, the public interest reason be legitimate; and (c) that, subjectively, the public interest reason be the prosecutor's actual reason for seeking the release.  Id.  Legitimate public interests include "avoiding the costs and disruptions associated with defending marginal or frivolous civil rights actions" and "detecting and deterring official misconduct."  Id. citing Rumery, 480 U.S. at 394.

     Upon review of the charges against Wilson, the district attorney determined to her satisfaction that there was no police misconduct in the preparation and execution of the affidavit, search warrant, and arrest warrant in this matter.  There is no evidence beyond Wilson's bald assertions to suggest otherwise.  Upon consideration of Wilson's civil rights claim, the district attorney legitimately determined that Wilson's claim was meritless and would be a waste of taxpayer dollars to defend a frivolous lawsuit. Moreover, the district attorney agreed to the proposed settlement and its amendment following an extensive colloquy before Judge Hazel.  Id. quoting Rumery, 480 U.S. at 398 ("judicial supervision of release-dismissal agreements can help ensure that the agreements did not result from prosecutorial misconduct.").  I therefore hold that the district attorney's motivation for entering the agreement was not in violation of public policy.

     Finally, the agreement is supported by valid consideration because Wilson agreed to dismiss her civil rights action in exchange for a nolle pros of the pending criminal charges and the return of her motor home.  Wilson's allegations that the motor home was not returned to her in pristine condition are not supported by any evidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTEN SENKBEIL WILSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHESTER TOWNSHIP POLICE DEPARTMENT, et al | : | NO. 04-1262 |
| | : | |

ORDER

AND NOW, this 20th day of October 2005, upon consideration of plaintiff's motion to repudiate settlement agreement, defendants' response, plaintiff's reply (styled "answer sur response"), the transcript of the parties' conference with Judge Rufe, and the parties subsequent briefs, and for the reasons set forth above, it is ORDERED that plaintiff's motion is DENIED. The Clerk of Court is directed to close this case statistically. Counsel for plaintiff is directed to send plaintiff a copy of this Order.

s/ Thomas N. O'Neill, Jr.
THOMAS N. O'NEILL, JR., J.