IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTEN SENKBEIL WILSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHESTER TOWNSHIP POLICE | : | NO. 04-1262 |
| DEPARTMENT, et al | : | |

O'NEILL, J.                                                                 NOVEMBER 2, 2005

## MEMORANDUM

Before me now is plaintiff's motion for reconsideration of my October 20, 2005 memorandum and Order denying her motion to repudiate. The purpose of a motion for reconsideration under Federal Rule of Civil Procedure 59(e) is "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Therefore, a motion for reconsideration is generally allowed only on one of three grounds: (1) where there has been an intervening change in the controlling law; (2) where new evidence that was not previously available has become available; or (3) where it is necessary to correct a clear error of law or to prevent manifest injustice. Malaysia Int'l Shipping Co. v. Sinochem Int'l Co. Ltd., No. 03-3771, 2004 WL 825466, at *2 (E.D. Pa. Apr. 13, 2004). In a motion for reconsideration, the burden is on the movant to show one of these three grounds. See Harsco, 779 F.2d at 909. A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through--rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations omitted). "Mere dissatisfaction with the court's ruling is not a proper basis for reconsideration." E.E.O.C.

v. Dan Lepore & Sons Co., No. 03-5462, 2004 WL 569526, at *2 (E.D. Pa. Mar. 12, 2004).

"Motions for reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." Pa. Ins. Guar. Ass'n v. Trabosh, 812 F. Supp. 522, 524 (E.D. Pa. 1992).

Counsel for plaintiff does not argue that there has been an intervening change in the controlling law or that new evidence that was not previously available has become available. Rather, plaintiff's counsel appears to argue that I have committed two errors of law. Plaintiff's counsel first asserts: "The Court erred in directing the case to be closed when Judge Rufe already decided counsel fees were owed pursuant to the requirements of the Civil Rights Act. No exceptions were filed and no appeal has been taken from that Order which has become the 'law of the case.'" Plaintiff's counsel alleges--without any evidentiary support:

> Judge Rufe made findings which concluded the prosecution had no basis to arrest and seize the motor home of the Plaintiff and that the prosecution must immediately resolve their violation of the rights of Mrs. Wilson by guaranteeing the charges against Mrs. Wilson be forever dismissed and the motor home immediately returned. Lastly, Judge Rufe appropriately addressed the issue of unpaid attorney's fees. She directed the parties to meet with Magistrate Judge Wells for the sole and singular purpose of determining the appropriate amount to be paid to plaintiff's counsel.

Plaintiff's counsel also alleges--without any evidentiary support: "Following the law, Judge Rufe then ordered that the plaintiff's attorney's fees be paid by the defendants. She directed the parties to appear before Judge Wells for the purpose of resolving how much should be paid." Plaintiff's counsel further alleges--without any evidentiary support:

> Judge Rufe's accurate finding that the defendants were liable for the counsel fees earned by the attorneys for the plaintiff was founded in the law and supported by the Civil Rights Act of 1964. Once that decision was made, it was necessary for the defendants to either file exceptions or file an appeal from that Order. Absent such an action, Judge Rufe's findings became final and Judge O'Neill is powerless to affect that determination.

Upon review of the transcript of the parties' proceedings before Judge Rufe, I find that Judge Rufe made no such findings of fact or conclusions of law that could be construed as the law of the case. Plaintiff counsel's assertion to the contrary is disingenuous. Moreover, I note that these proceedings were in the nature of a settlement conference and that Judge Rufe was acting in the capacity of an emergency judge during my absence. See Local R. Civ. P. 40.1.1(1)B (2005) ("Orders entered by the Emergency Judge may be modified, prospectively, by the assigned judge upon the assigned judge's return.").

Plaintiff's counsel also asserts: "The Court erred in denying the Motion to rescind the Agreement without an evidentiary hearing in which the defense has the burden of proving the Agreement is valid and enfoceable." Plaintiff's counsel further argues--without citing any legal authority--that "[t]here is no question that before a court may determine whether a release-settlement agreement is enforceable, the court must conduct an evidentiary hearing wherein the burden of proof is upon the party asserting the validity." A trial court must conduct a hearing where there is a material factual dispute as to the existence or terms of a settlement agreement. Tiernan v. Devoe, 923 F.2d 1024, 1031 (3d Cir. 1991). However, where there is no material factual dispute as to the agreement's existence or terms, it is not necessary to conduct an evidentiary hearing. Id. Plaintiff's counsel asserts that my failure to conduct an evidentiary hearing led to two incorrect factual conclusions: (1) "The Court erred in concluding the 'Plaintiff agreed to dismiss her civil rights action in return for nolle pros of the pending criminal charges.' The evidence shows the Release only referred to dismissal or dropping of the charges, never does it refer to the term Nolle Pros."; and (2) "The Court erred in concluding there is no evidence of the substantial damage to the motor home resulting from the negligent maintenance of the

vehicle during the illegal seizure.  There has been substantial evidence which had been provided counsel and which is now attached hereto as further illustration of the necessity for the evidentiary hearing."  These asserted factual disputes do not constitute material facts bearing on: (1) whether Wilson entered into the settlement agreement voluntarily; (2) whether the settlement agreement violates public policy; and (3) whether the settlement agreement was supported by valid consideration.  Moreover, there is no need for an evidentiary hearing because I had before me when I wrote the October 20, 2005 memorandum and Order the transcript of Wilson's testimony (without oath) in the conference before Judge Rufe regarding the making of the settlement agreement.  I do not find any error of law in my determination that plaintiff entered into the settlement agreement voluntarily, that the settlement agreement is supported by legitimate public policy interests, and that the settlement agreement was supported by valid consideration.  Plaintiff's motion for reconsideration will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTEN SENKBEIL WILSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHESTER TOWNSHIP POLICE DEPARTMENT, et al | : | NO. 04-1262 |
| | : | |

<u>ORDER</u>

AND NOW, this 2nd day of November 2005, upon consideration of plaintiff's motion for reconsideration of my October 20, 2005 memorandum and Order and review of the transcript of the parties' conference with Judge Rufe, and for the reasons set forth above, it is ORDERED that plaintiff's motion is DENIED. The Clerk of Court is directed to close this case statistically. Counsel for plaintiff is directed to send plaintiff a copy of this memorandum and Order and my October 20, 2005 memorandum and Order by certified mail, return receipt requested, and shall file a certificate of service stating that he has done so.

s/ Thomas N. O'Neill, Jr.<br>
THOMAS N. O'NEILL, JR., J.